# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**EARL JACKSON**                                                      **PETITIONER**

**VS.**                    **CASE NO. 2:16CV00164 BSM/PSH**

**C.V. RIVERA, Warden,**
**FCI Forrest City**                                                  **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Earl Jackson ("Jackson") is an inmate in federal custody after pleading guilty in 2013 to being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). In July 2013 Jackson was sentenced by the United States District Court, Western District of Missouri, to 188 months' imprisonment. This sentence was based in part upon the finding in the Pre-Sentence Investigation Report that Jackson had seven prior state court convictions (three burglary convictions, two armed robbery convictions, one robbery conviction, and one conviction for unlawful use of a weapon). The sentence was enhanced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Jackson filed a 2014 motion with the trial court, seeking relief pursuant to 28 U.S.C. § 2255. The trial court held that Jackson's two armed robbery convictions and his robbery conviction all qualified as prior convictions under ACCA, and denied relief. See docket entry no. 15-4.

In March 2016 Jackson again filed for relief with the trial court, asking for a correction of his sentence based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015). The trial court construed this request as a petition for relief pursuant to 28 U.S.C. § 2255 and denied it without prejudice because Jackson had not first obtained permission from the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2255(h). See docket entry no. 15-6.

Jackson again filed a motion with the trial court seeking relief pursuant to 28 U.S.C. § 2255. The trial court denied this request without prejudice in August 2016, again noting Jackson's need to first obtain permission from the Court of Appeals. See docket entry no. 15-7.

In April 2016 Jackson filed a petition for permission to file a second or successive § 2255 with the Eighth Circuit Court of Appeals. See docket entry no. 15-5. This petition was denied without discussion on September 28, 2016.

Jackson, who is in custody at the Federal Correctional Complex in Forrest City, Arkansas, filed this petition for relief on December 7, 2016. The petition seeks relief pursuant to 28 U.S.C. § 2241, and alleges that Jackson has no prior convictions that qualify as a predicate offense under the ACCA. Jackson cites *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny to support his assertions. Docket entry no. 1, page 3. For relief, he asks that his sentence under the ACCA be vacated and that a new sentence of 60 to 120 months be imposed.

In his response, respondent C.V. Rivera ("Rivera") contends the petition should be dismissed because Jackson should have pursued his relief in a § 2255 petition rather than a § 2241 petition. Typically, § 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). According to *Lurie*, § 2241 relief may be pursued only if Jackson demonstrates § 2255 relief is inadequate or ineffective. *See*

28 U.S.C. § 2255(e).

The *Lurie* Court addressed the issue of the inadequacy or ineffectiveness of section 2255 relief:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

The Court further noted that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See also Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986). The claim Jackson raises, an invalid sentence, is a classic challenge to the imposition of a sentence, and is not related to the execution of the sentence or to the conditions of confinement. As such, this claim is typically cognizable in a § 2255 petition filed with the trial court, not in a § 2241 petition filed with this Court, absent Jackson's demonstration that § 2255 is inadequate or ineffective.

Jackson, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243, and numerous other cases, now asks this Court to find § 2255 inadequate or ineffective and proceed to the merits of his § 2241 petition. Jackson's circumstances are similar to the petitioners in *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059 (8th Cir. 2002), where they filed a § 2241 petition rather than a request for permission to file a second or successive § 2255 petition. They sought a decrease in their sentences for drug convictions based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and argued that § 2255 was inadequate or ineffective, thereby opening the door to raising their claims in a § 2241 petition. The Eighth Circuit Court of Appeals addressed this claim:

> We believe this argument is flawed because it attributes blame to the wrong source. Perez and Ruotolo contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion. To be more precise, appellants

>are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that *Apprendi* applies retroactively to past criminal convictions. Neither Perez nor Ruotolo may raise an *Apprendi* claim in a second § 2255 motion unless and until *Apprendi* applies retroactively. . . And only the Court may declare *Apprendi's* new rule to have retroactive force in a manner affecting successive § 2255 motions.

286 F.3d at 1062.

Jackson's "true impediment" is not the inadequacy or inefficacy of § 2255; it is the *apparent* absence of any case announcing a new rule of constitutional law affecting Jackson, made retroactively applicable on collateral review by the Supreme Court. *Id.* While it is clear that *Johnson v. United States*, 135 S. Ct. 2551 (2015), is a new rule of constitutional law, retroactively applicable, its precise application to Jackson's factual scenario is not clear. What is clear is that the legal analysis of Jackson's circumstances is properly done by the Eighth Circuit Court of Appeals, not by this Court. As previously noted, Jackson sought and was denied permission to file a second or successive § 2255 petition by the Eighth Circuit Court of Appeals. Rivera states that the request for permission to file a second or successive petition advanced the same arguments raised in this § 2241 petition. Docket entry no. 15, pages 2-3. Jackson's argument that *Johnson, Descamps*, and *Mathis* satisfy the requirements of 28 U.S.C. § 2255(h)(2) is not properly before us. Jackson has not shown § 2255 relief is inadequate or inefficient, thereby enabling him to raise his current claims in a § 2241 petition before this Court. As with the petitioners in *Perez*, and consistent with *Lurie*, § 2255 is not a defective remedy for Jackson merely because he has previously been denied relief under its provisions or because he may be pessimistic about any future attempt to obtain relief in the Eighth Circuit Court of Appeals.

The key is that the ultimate decision on permission to file a second or successive petition is, by statute, to be given by the Eighth Circuit Court of Appeals, not by this Court.[1] There is no

---

[1] Jackson cites two cases for the proposition that § 2241 relief is a proper and available avenue for him. *See, United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) and *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010). These cases do not stand for the proposition for which they are cited. In addition, the cases are not controlling precedent in this Circuit. We remain guided by our Circuit's cases of *Lurie* and *Perez*.

statutory provision allowing Jackson, without showing § 2255 inadequate or inefficient, to bypass this permission process and directly seek relief in a district court in the jurisdiction where he is in custody.

As a result, we recommend this petition be dismissed without prejudice to Jackson seeking permission from the Eighth Circuit Court of Appeals to proceed with a successive petition. The relief sought should be denied.

IT IS SO ORDERED this 14th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE